THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE BERNETT, Defendant-Appellant.

(No. 57811;

First District (4th Division)—September 26, 1973.

James J. Doherty, Public Defender, of Chicago, (Harold A. Cowen, Assistant Public Defender, of counsel,) for the appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, Mariann Twist and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Eddie Bernett, was found guilty of two counts of armed robbery at a bench trial in the Circuit Court of Cook County and was sentenced on each count to a term of not less than eight nor more than twelve years in the Illinois State Penitentiary, the sentences to run concurrently.

The issue for review is whether he was proved guilty on one of the two counts beyond a reasonable doubt.

Freddie Baker and Jessie May, the complainants, testified they were approached by three men as they arrived at their parked car about 1:30 in the morning of September 10, 1971. One man held a gun while they took thirteen dollars in cash and a wrist-watch from Freddie Baker. The man with the gun and one of the remaining two men grabbed Jessie May and took her into the nearby housing project, leaving the defendant with Baker. The defendant told Baker, "Be cool, the fellow got the gun, won't nothing happen." The defendant then departed. Baker summoned the police, and when they found Jessie May she had been raped and her purse taken.

The defendant does not contest the conviction for the robbery of Freddie Baker, but he contends he could not be held accountable for the robbery of Jessie May's purse because there is no evidence he knew his companions would attempt to rob her. He argues that the person, place and time were all different from the robbery of Baker.

It is clear that the defendant joined with the other two to rob the couple, and the facts do not sustain the inference that the defendant intended to limit his choice of victims to only Freddie Baker. The accountability statute, Section 5—2 of the Illinois Criminal Code (Ill. Rev. Stat. ch. 38, § 5—2), provides in part:

"Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

The defendant took part in stopping the couple before the taking of Jessie May's purse with an apparent intent to rob them both. The fact that the defendant's companions spontaneously grabbed her, took her away and raped her before taking her purse does not exonerate the defendant from liability for a theft which he helped originate.

The defendant cites the case of *People v. Tillman* (1971), 130 Ill. App.2d 743, in support of his argument, but we believe the facts distinguish that case from the instant case. The defendant's accountability under the statute was established by his initial participation in robbing Baker. His continued complicity in the taking of Jessie May's purse is

818

established by his attempt to dissuade Baker from following his companions as they took her into the housing project.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.